# EXHIBIT 2

Filed
10/24/2016 2:26:31 PM
Anne Lorentzen
District Clerk
Nueces County, Texas

NO. 2016CCV-62384-3

| David Gudgel | § | IN THE COUNTY COURT |
| Plaintiff, | § | |
| | § | |
| V. | § | AT LAW NUMBER ____ |
| | § | |
| Del Mar College | § | |
| Defendant. | § | NUECES COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES David Gudgel, and files this this ORIGINAL PETITION FOR DISCRIMINATION AND RETALIATION against Del Mar College and in support hereof, shows the following:

David Gudgel ("Plaintiff") files this *Plaintiff's Original Petition*, complaining of Del Mar College ("Defendant"), and in support, would show as follows :

### I. DISCOVERY

1. Plaintiff requests a Level III Discovery Plan pursuant to the Texas Rules of Civil Procedure.

### II. PARTIES

2. Plaintiff is a resident of Corpus Christi, Texas. The events and omissions which are the basis of this lawsuit occurred in Nueces County, Texas.

3.  Defendant is an individual or business residing in or doing business as an entity in Corpus Christi, Nueces County, Texas, or operating as an entity doing business within this judicial district. Defendant may be served with process at 101 Baldwin, Corpus Christi, TX 78404.

### III. JURISDICTION AND VENUE

4.  Plaintiff seeks damages in excess of the minimum jurisdictional limit of this Court.

5.  Venue is proper in because all or a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in Nueces County, Texas. Alternatively, venue is proper in Nueces County because defendant conducts business and is operating in Nueces County. Alternatively, venue is proper in Nueces County because the domicile and principal office of the defendant.

### IV. CONDITIONS PRECEDENT TO SUIT

6.  Plaintiff has complied with all the prerequisites to an action under Title IX and other applicable acts. All procedural requirements have been met and are fully set forth below.

7.  All conditions precedent to all other causes of action asserted by Plaintiff have been satisfied.

## IV. FACTUAL BACKGROUND

### I. FACTS

David Gudgel was a student in the nursing program at Del Mar College "DMC". During his tenure at DMC, Gudgel was subjected to discrimination on the basis of his gender on an ongoing basis through October 28th, 2014. Mr. Gudgel was also the target of unlawful retaliation by DMC. Gudgel contends that he was treated differently than other female students in the nursing program and the he was retaliated against after reporting this discrimination to DMC. Specifically, Plaintiff, Mr. Gudgel argues that he was discriminated against in violation of Title IX of and was the subject of unlawful retaliation, causing proximate injuries and harm.

### II. CAUSE OF ACTION

**1.     Discrimation Under Title IX , 34 C.F.R. Section 106.31**

Gudgel alleges discrimination by DMC in that he was excluded from participation in the Nursing Program at Del Mar College, denied benefits of the Nursing Program, and otherwise subjecting Gudgel to discrimination on the basis of his gender with respect to the services, privileges and activities because of his sex (male). This constituted a violation of Title IX, and thereby causing damages and proximate harm to Mr. Gudgel.

**2. Retaliation**

After reporting the gender discrimination to DMC, Gudgel was subsequently retaliated against by DMC, Defendant. Gudgel alleges he was harassed, coerced, intimidated and discriminated after seeking protection for discrimination, thereby constituting unlawful retaliation against him. Gudgel suffered damages as proximate result of retalation by DMC.

All of these illegal acts occurred after plaintiff had filed requested protection for discrimination and after having reported violations of law and after reporting policy violations, and making request for protection from retaliation. Plaintiff, David Gudgel, suffered significant damages as a result of the unlawful retaliation.

## VI. DAMAGES

1. Defendants' acts and omissions have caused Plaintiff to suffer damages including past and future lost earnings (including back pay and front pay), past and future injury to reputation, and past and future mental anguish, and economic damages.

2. Plaintiff seeks recovery of these damages from Defendant.

## VII. ATTORNEY FEES AND INJUNCTIVE RELIEF REQUEST

28. Defendant's acts and omissions have caused Plaintiff to incur attorney fees and court costs. Plaintiff seeks recovery from Defendant of all attorney fees and court costs through judgment in this court with additional contingent amounts in the event of post judgment and appellate proceedings. All conditions precedent to the recovery of attorney fees have been satisfied. Additionally, David Gudgel specifically pleads for injunctive relief to be reinstated to his previous position prior to the discrimination and retaliation in violation of Title IX and applicable retaliation provisions under the federal and state law.

## VIII. PRAYER FOR RELIEF

29. For the reasons stated above, Plaintiff asks that, upon final judgment, this Court order that Defendant pay to Plaintiff all damages identified above plus attorney fees, costs of court, and prejudgment and post judgment interest. Plaintiff also asks for such other and further relief, whether legal or equitable, to which Plaintiff may be justly entitled.

Respectfully Submitted,

_/s/ Robert J. Heil III_____
Robert J. Heil, III
Attorney-In-Charge
robertjheil@hotmail.com
State Bar No. 24032286
5262 S. Staples #300
Corpus Christi, TX 78411
Tel: (361) 658-7548
Fax: (361) 980-3734
**Attorney for Plaintiff, David Gudgel**

C.A. No. 2016CCV-62384-3

| | | |
|---|---|---|
| DAVID GUDGEL, | § | IN THE COUNTY COURT AT LAW |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | NUECES COUNTY, TEXAS |
| | § | |
| DEL MAR COLLEGE, | § | |
| | § | |
| *Defendant*. | § | COUNTY COURT AT LAW #3 |

## DEFENDANT'S ORIGINAL ANSWER AND AFFIRMATIVE DEFENSES

Defendant Del Mar College files its Original Answer and Affirmative Defenses to Plaintiff David Gudgel's Original Petition as follows:

### I.
### General Denial

Pursuant to Rule 92 of the Texas Rules of Civil Procedure, Del Mar College generally denies each and every allegation contained in Plaintiff's Original Petition and demands strict proof thereof by a preponderance of the evidence.

### II.
### Reservation of Right to Amend

Del Mar College specifically reserves the right to amend or supplement this answer as allowed by the Texas Rules of Civil Procedure and the Constitution and laws of the State of Texas.

### III.
### Affirmative Defenses

For further answer, and without waiving the foregoing, Del Mar College hereby asserts the following affirmative defenses:

1. Any actions by Del Mar College were based upon legitimate, non-discriminatory and non-retaliatory reasons.

2. Plaintiff has failed to mitigate his damages, if any.

3. Plaintiff's claims are barred, in whole or in part, by his failure to exhaust his administrative remedies.

4. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

5. Plaintiff has failed to satisfy all conditions precedent to suit.

## IV.
## Prayer

Defendant Del Mar College requests that Plaintiff David Gudgel take nothing by this suit, that the Court dismiss all of her claims against Del Mar College with prejudice, and further award Del Mar College any and all further relief to which it may be justly entitled.

Respectfully submitted,

ROGERS, MORRIS, & GROVER, L.L.P.

_____
CLAY T. GROVER
State Bar No. 08550280
cgrover@rmgllp.com
CAITLIN H. SEWELL
State Bar No. 24074432
csewell@rmgllp.com
5718 Westheimer, Suite 1200
Houston, Texas 77057
Telephone:   (713) 960-6000
Facsimile:    (713) 960-6025

2

ATTORNEYS FOR DEL MAR COLLEGE

**CERTIFICATE OF SERVICE**

  I hereby certify that on the 2nd day of December, 2016, a true and correct copy of this document was served on all counsel of record in accordance with Rule 21a of the Texas Rules of Civil Procedure *via* email and addressed as follows:

Robert J. Heil, III
5262 S. Staples #300
Corpus Christi, TX 78411
Telephone:   (361) 658-7548
*robertjheil@hotmail.com*
Attorney-In-Charge for Plaintiff

_____
Counsel for Defendant

3