UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| DAVID GUDGEL, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:16-CV-513 |
| | § | |
| DEL MAR COLLEGE, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

Plaintiff David Gudgel sued Defendant Del Mar College under Title IX, 20 U.S.C. § 1681(a), for claims of discrimination and retaliation. Before the Court is Defendant's Motion for Summary Judgment. Defendant's Motion for Summary Judgment is **GRANTED**.

David Gudgel is a former student in the nursing program at Del Mar College, a community college in Corpus Christi, Texas. Shortly after beginning classes in the fall of 2014, Plaintiff was involved in multiple instances of unprofessional conduct, including engaging in disruptive behavior during several classes. Plaintiff repeatedly talked out during class and interrupted a conversation between another student and a professor by standing between them and "danc[ing] back and forth...like he was a boxer." (D.E. 35-1, Page 33). Natashia Reyes, a fellow student, filed a complaint of Plaintiff's offensive and inappropriate conduct to her and other students. According to Reyes, Plaintiff made repeated sexual comments and made a gesture indicating an oral sex act (D.E. 35-1, Page

35). These incidents were brought to the attention of Dr. Evangeline DeLeon, the Chair of the Nurse Education Department. Dr. DeLeon and Beverly Cage, the Director of Student Leadership and Campus Life, conducted an investigation which corroborated Reyes' allegations.

By affidavit in support of Defendant's motion for summary judgment, Dr. DeLeon stated she "determined that Mr. Gudgel had violated the College's policies and rules on student and professional conduct, and, given his ongoing behavior in class and comments made by his fellow students, did not have the good professional character required of the nursing profession....As a result, I determined the appropriate course of action was to dismiss Mr. Gudgel from the nursing program." (D.E. 35-1, Page 4). Defendant's Department of Nurse Education Student Handbook mandates that students are expected to act according to generally accepted standards of nursing practice, and that "the lack of good professional character as evidenced by a single incident or an integrated pattern" of unprofessional conduct is grounds for dismissal from the program. (D.E. 35-1, Pages 11-12). Plaintiff signed an agreement which stated that he read the Handbook and agreed to abide by its policies, and understood that failure to do so may result in dismissal. (D.E. 35-1, Page 9). On October 2, 2014, Dr. DeLeon met with Plaintiff and informed him of his dismissal from the nursing program for his unprofessional behavior contrary to the program's policies by which he agreed to abide.

On October 9, 2014, Plaintiff filed a complaint with the school alleging that his dismissal constituted gender discrimination and a letter stating his intent to appeal. Plaintiff was subsequently reinstated to the nursing program pending a disciplinary

2

proceeding regarding his actions. Plaintiff alleges that Dr. DeLeon told him on his return to Del Mar College that Defendant was going to "get rid of" him "the proper way" and that when he returned to classes, he faced a hostile environment where professors were "gunning" for him. On October 28, 2014, Plaintiff voluntarily withdrew from the program and withdrew his appeal in exchange for a letter of good standing from Defendant so that he could apply to nursing programs at other colleges. Plaintiff filed this lawsuit on October 24, 2016.

Defendant moves for summary judgment on the grounds that Plaintiff's claims are barred by the statute of limitations. For Title IX claims, this Court uses Texas' personal injury statute of limitations of two years. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 761 (5th Cir. 2015). Plaintiff must have filed his lawsuit two years from the date his claim accrued. "Under federal law, a claim accrues and 'the limitations period begins to run the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured.'" *Spotts v. United States*, 613 F.3d 559, 574 (5th Cir. 2010) (quoting *Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001)). "A plaintiff need not know that []he has a legal cause of action; []he need know only the facts that would ultimately support a claim." *Piotrowski*, 237 F.3d at 576 (citing *Harrison v. United States*, 708 F.2d 1023, 1027 (5th Cir. 1983)). On October 9, 2014, Plaintiff made a complaint to Defendant that he was being discriminated against on the basis of gender, after which he was reinstated to Del Mar College. At the latest, Plaintiff was aware of any injury he may have suffered by October 9, 2014, not the date on which he withdrew from the program. Plaintiff filed this lawsuit on October 24,

2016—more than two years after his claim had accrued. *See Spotts*, 613 F.3d at 574. His Title IX claims are therefore barred by the statute of limitations.

Even if Plaintiff's claims were not barred by the statute of limitations, the Court finds that Defendant is entitled to summary judgment because there is no genuine dispute of material fact. *See* Fed. R. Civ. P. 56. Plaintiff complains that Defendant discriminated against him by disparate treatment on the basis of sex. Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). District courts in this Circuit have used the *McDonnell Douglas* framework to analyze Title IX claims alleging disparate treatment on the basis of sex. *See Pacheco v. St. Mary's Univ.*, No. 15-CV-1131, 2017 WL 2670758, at *13 (W.D. Tex. June 20, 2017); *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Plaintiff has not established a *prima facie* case of discrimination or retaliation under Title IX.

Plaintiff alleges that he experienced disparate treatment by Defendant's selective enforcement: "that, regardless of the student's guilt or innocence, the severity of the penalty and/or the decision to initiate the proceeding was affected by the student's gender." *Yusuf v. Vassar Coll.*, 35 F.3d 709, 715 (2d Cir. 1994). "To state a *prima facie* case for disparate treatment in the form of disparate discipline, a student who is a member of a protected class must show that other students not in the protected class were 'treated differently under circumstances nearly identical to [the student's].'" *Herndon v. Coll. of Mainland*, No. CIV.A.G-06-0286, 2009 WL 367500, at *29 (S.D. Tex. Feb. 13,

4

2009) (quoting *Mayberry v. Vought Aircraft Co.,* 55 F.3d 1086, 1090 (5th Cir. 1995)) (internal quotations omitted).

Here, there is no evidence that Plaintiff was treated differently than other students—female or male—under nearly identical circumstances. Without specificity Plaintiff argues that Reyes and Kristi Guerrero, another female student, were similarly vulgar and used sexual language during class. Plaintiff points to Reyes' statement in her complaint that "we [nursing students] all joke around at times." (D.E. 35-1, Page 35). Plaintiff also alleges that another female student, Chelsea Egeless, was "viewing pornography openly in class" but was never disciplined. (D.E. 38-1, Page 3). However, Plaintiff does not provide evidence that any student complained about any other student's conduct or that any other student had a similar history of disruptive behavior. Plaintiff's misbehavior is not only his lewd acting out but also his obstructing class instruction and student/teacher conferences. Plaintiff fails to show that Defendant treated any similarly situated female student more favorably under similar circumstances. *See Pacheco,* 2017 WL 2670758, at *18-19. Plaintiff has not established a *prima facie* case of discrimination under Title IX.

Furthermore, Defendant is entitled to summary judgment on Plaintiff's claim of retaliation. "Title IX encompasses claims of retaliation...where the funding recipient retaliates against an individual because he has complained about sex discrimination." *Jackson v. Birmingham Bd. of Educ.,* 544 U.S. 167, 171 (2005). To establish a *prima facie* case of retaliation under Title IX, Plaintiff must show "(1) [he] engaged in activities protected by Title IX; (2) [Defendant] took adverse action against [him]; and (3) a causal

connection exists between [his] protected activities and [Defendant's] adverse action." *Lowrey v. Texas A&M Univ. Sys.*, 11 F. Supp. 2d 895, 912 (S.D. Tex. 1998). Plaintiff filed a complaint of discrimination on October 9, 2014—after an investigation showing his repetitive misbehavior and his dismissal from the program. After Plaintiff was reinstated in the program, he claims that Dr. De Leon informed him that Defendant was going to "get rid of" him "the proper way" and that he experienced a hostile classroom environment. These actions do not amount to retaliatory actions by Defendant. Because Defendant dismissed Plaintiff prior to his filing a Title IX complaint, Plaintiff cannot show he was dismissed because he filed his complaint and therefore cannot establish a *prima facie* retaliation case under Title IX.

For the foregoing reasons, the Court finds that Plaintiff's claims are barred by the statute of limitations and that there is no genuine dispute as to any material fact. Accordingly, Defendant's Motion for Summary Judgment is **GRANTED**.

ORDERED this __17__ day of January, 2018.

HAYDEN W. HEAD, JR.
SENIOR UNITED STATES DISTRICT JUDGE